IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CRYSTIN RARIN BAS QUALLS,

        Petitioner,        Civil No. 09-329-CL

        v.        REPORT AND
                RECOMMENDATION
RICK COURSEY,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment, dated April 24, 2001, from Lane County Circuit Court Case No. 20-00-01499, after convictions for Murder and Burglary in the First Degree. Respondent's Exhibit 101. Following a jury trial, the court sentenced petitioner to life imprisonment, with a 300 month minimum on the Murder conviction, and to a consecutive 36 month term of imprisonment on the Burglary conviction. Id.

1 - REPORT AND RECOMMENDATION

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied relief. Respondent's Exhibits 103 - 107.

Petitioner filed a Second Amended Petition for Post-Conviction Relief in Umatilla County Circuit Court Case No. CV04-0445, but the court denied relief. Respondent's Exhibit 138. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 139 - 144.

Petitioner filed a petition under 28 U.S.C. § 2254 challenging his convictions on grounds of trial court error and ineffective assistance of both trial and appellate counsel.[1]

Respondent moved to deny petitioner's claims on the ground that he has not properly alleged a federal question and because the claims were not "fairly presented" to Oregon's highest court and thus are procedurally defaulted. Response (#14), p. 2.

In a Report and Recommendation (#31) adopted by the court's Opinion and Order (#37) entered May 14, 2010, the court recommended that Respondent's Response (#14) (motion to dismiss) be allowed in part and denied in part as follows:

---

[1] Petitioner did not explicitly set forth his grounds for relief, but rather incorporated by reference the claims alleged in his state appeal and post-conviction proceeding. See, Petition (#1) p. 16-17.

2 - REPORT AND RECOMMENDATION

> I find that all of the claims sought to be raised in this proceeding (ie. the claims alleged in petitioner's Second Amended Petition for Post-Conviction Relief) except the claim that his defense attorney neglected to object to an impermissible amendment of the charge alleged in the indictment, were not fairly presented to the state's highest court. Petitioner has failed to establish any cause and prejudice for his procedural default or entitlement to the fundamental miscarriage of justice exception to the exhaustion requirement. Therefore, those claims should be denied and dismissed.
>
> I further find that petitioner arguably exhausted state remedies with respect to the claim that his trial counsel was ineffective for not objecting to the alleged "amendment" to the charge in the indictment, ie. the claim presented in his PRC petition for review to the Oregon Supreme Court. Respondent's motion to deny and dismiss that claim should be denied, and Respondent should be requested to submit arguments on the merits of that claim.

Report and Recommendation (#31) p. 9.

Respondent has now filed a Reply (#38) addressing the single claim remaining in this case. Petitioner has not filed further argument in support of his claim.

Pursuant to the court's Report and Recommendation (#31) the single claim remaining in this proceeding is the claim petitioner presented in his petition for review to the Oregon Supreme Court: that he was "deprived of his constitutional right to the effective assistance of counsel, when his defense attorney neglected to object to an impermissible amendment of the charge alleged in the indictment." Respondent's Exhibit 142, p. 1.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only

3 - REPORT AND RECOMMENDATION

when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was

4 - REPORT AND RECOMMENDATION

so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

In order to satisfy the prejudice requirement in the context of a plea agreement, the petitioner must demonstrate that there is a "reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). In plea agreement cases, the "resolution of the 'prejudice' inquiry will depend largely on whether [an] affirmative defense likely would have succeeded at trial. Id. at 59.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

5 - REPORT AND RECOMMENDATION

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to §2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (*per curiam*).

The PCR trial court found that "[P]etitioner has failed to prove the allegations of the petition." Exhibit 138. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 139-144.

The state court decisions denying petitioner'sclaim is entitled to deference under 28 U.S.C. sec. 2254(d) because it is not contrary to nor an unreasonable application of *Strickland*. The PCR court factual findings are presumed correct because petitioner has not presented any clear and convincing evidence to the contrary. 28 U.S.C. sec. 2254(e)(1); Miller-el v. Cockrell, 537 U.S. 322, 340 (2003).

Petitioner argues that the indictment plead in the conjunctive

6 - REPORT AND RECOMMENDATION

and the trial court's instruction, stated in the disjunctive which resulted in an impermissible substantive amendment of the indicted charge such that it allowed the jury to convict petitioner without the necessary concurrence. Petitioner's Memorandum of Law (#30) p. 18-20. Petitioner argues that his attorney should have objected to the "amendment" and that if the court had "instructed the jury in the language of the indictment, it clearly would have made it significantly more difficult for the jury to convict" him. Id. p. 22.

Respondent acknowledges that a trial court may not make a substantive amendment to the indictment that the Grand Jury has returned. See, State v. Wimber, 315 Or 103 (1992); Stirone v. United States, 361 U.S. 212 (1960). Respondent argues "[t]he court was not amending the indictment, but rather adhering to the principle that a state may plead in the conjunctive, but prove in the disjunctive. This precept is well established in Oregon. See, State v. Stevens Equipment Company, 165 Or App 673, 686. *rev den.* 330 Or 553 (2000)." Reply (#38) p. 6.

Petitioner's claim relates to Count Two of the indictment - a charge of Burglary in the First Degree. Burglary in the First Degree is defined in ORS 164.225 as follows:

> A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in the building or in immediate flight therefrom the person
>
>    (a) Is armed with a burglary tool or theft device as defined in ORS 164.235 or a deadly weapon;
>    (b) Causes or attempts to cause physical injury to any person; or

7 - REPORT AND RECOMMENDATION

    (c) Uses or threatens to use a dangerous weapon.
ORS 164.215 (Burglary in the Second Degree) states:

    Except as otherwise provided in ORS 164.255, a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with the intent to commit a crime therein.

    The indictment in petitioner cases set forth the charge as follows:

    The Defendant on or about the 23rd day of January, 2000, in Lane County, Oregon, did unlawfully and knowingly enter and remain in an occupied dwelling located at 5303 "B" Street, Springfield, Oregon, with the intent to commit the crimes of assault and theft therein, and while so acting, caused physical injury to Todd McGuire; contrary to statute and against the peace and dignity of the State of Oregon.

Respondent's Exhibit 102,

    Thus, the grand jury alleged that petitioner committed burglary by entering the dwelling "with the intent to commit the crimes of assault *and* theft therein." The court instructed the jury that the state was required to prove that at the time petitioner entered or remained in the dwelling, petitioner "had the intent to commit the crimes of assault *or* theft." Respondent's Exhibit 18, Transcript of Proceeding Vol. VI. p. 894.

    The Oregon Supreme Court has noted that: "When the statute makes it a crime to do this or that, mentioning several things disjunctively, the indictment may, as a general rule, embrace the whole in a single count, but it must use the conjunctive 'and' where 'or' occurs in the statute, else it will be defective for uncertainty ... ." State v. Stevens Equipment Company, 165 Or App at 684, *citing*, State v. Carr, 6 Or 133, 134 (1876).

8 - REPORT AND RECOMMENDATION

In *Stevens*, the indictment charged the defendant with storing hazardous waste in violation of pertinent statutes *and* "rules, standards, licences, permits, and orders." Id. at 684. The defendant argued that the state was necessarily required to prove that he had violated each one of those listed authorities because of the conjunctive "and." Id. The court found that "the state's use of the conjunctive [in the charging instrument] did not mean that it was required to prove in the conjunctive." Id. at 868. Instead, the court held that "the 'plead in the conjunctive and prove in the disjunctive' principle remains valid under Oregon law." Id.

The court's instruction in petitioner's case was also consistent with federal law. The Supreme Court has "long recognized that an indictment may charge numerous offenses or the commission of any one offense in several ways." U.S. v. Miller, 471 U.S. 130, 136 (1985). Specifically, "a number of longstanding doctrines of criminal procedure are premised on the notion that each offense whose elements are fully set out in an indictment can independently sustain a conviction. Id., *citing*, Turner v. United States, 396 U.S. 398, 420 (1970) ("[W]hen a jury returns a guilty verdict on an indictment charging several acts in the conjunctive ...the verdict stands if the evidence is sufficient with respect to any one of the acts charged.."); Crain v. United States, 162 U.S. 625, 634-636 (1896) (indictment count that alleges in the conjunctive a number of means of committing a crime can support a

9 - REPORT AND RECOMMENDATION

conviction if any of the alleged means are proved.) Furthermore, the rules extend to a "trial court's jury instructions in the disjunctive in the context of a conjunctively worded indictment." See, U.S. v Cusumano, 943 F.2d 305, 311 (1991), *cert denied*, 502 U.S. 1036 (1992); *citing* U.S. v. Klein, 850 F.2d 404, 405-406 (8th Cir.), *cert denied*, 488 U.S. 867 (1988); and U.S. v. Schiff, 801 F.2d 108, 114 (2nd Cir. 1986), *cert denied*, 480 U.S. 945 (1987).

At petitioner's trial there was abundant evidence from which the jury could find that petitioner entered the dwelling with the intent of committing either the crime of assault or theft. See, Response (#14) p. 2-3 and Transcript cited therein. Petitioner acknowledged in his petition for review to the Oregon Supreme Court that the "evidence was strong that petitioner intended to commit assault." Respondent's Exhibit 142, p. 2.

Therefore, petitioner's attorney was not ineffective for failing to object to the instruction because the court's instruction in the disjunctive was proper and there was sufficient evidence for the jury to have found either the theft or assault element of the burglary charge in order to support the verdict.

Petitioner also argues that the court's "amendment" allowed the jury to reach a verdict without concurrence. Memorandum of Law (#30) p. 20. Petitioner cites State v. Boots, 308 Or 371 (1989) to support his argument that the court's instruction violated the Oregon Constitution because it gave rise to the possibility of conviction even if some of the jurors believed that he intended to

10 - REPORT AND RECOMMENDATION

commit *assault*, and some jurors believed that he intended to commit *theft*.

Petitioner's reliance on *Boots* is misplaced. In <u>State v. King</u>, 316 Or 437, 852 P.2d 190 (1993), the Oregon Supreme Court noted that under *Boots*,, unanimity (or concurrence) was required only when the fact or circumstance at issue constituted "an element of a separate or distinct crime." <u>Id</u>., at 441. Where the factual issue concerns alternative theories of committing a crime rather than elements of a separate crime, the unanimity requirement is not implicated and the jury was not required to agree on which factual theory the state had proved. <u>Id</u>. at 445, *citing* <u>State v. Miller</u>, 309 Or 362, 369, 788 P2d 974 (1990).

The allegations at issue in petitioner's case is like the allegation in *King* and unlike the allegations in *Boots*. As in *King,* the theories alleged - the intent to commit assault and the intent to commit theft - are merely two methods of proving the single crime of burglary. Because the grand jury's allegation alleged only one crime of burglary, the jury was not required to concur about which of the two factual theories the state had proved.

In light of *King*, no reasonable defense attorney would have objected to the court's burglary instruction on the ground it violated *Boots*. Moreover, because the merit-less objection would have been overruled, petitioner cannot establish the second

(prejudice) prong of *Strickland*.

Based on the foregoing I find that petitioner's claim that his trial counsel was ineffective for not objecting to the alleged "amendment" to the charge in the indictment should be denied on the ground that the post-conviction court's findings are entitled to deference under 2254(e)(2) and are supported by the record before the court. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to  *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing*

*of the denial of a constitutional right.* <u>See</u>*, 28 U.S.C. §*
*2253(c)(2).*

DATED this __7__ day of December, 2010.

　　　　　　　　　　　　　　／s／ Mark D. Clarke
　　　　　　　　　　　　　　Mark D. Clarke
　　　　　　　　　　　　　　United States Magistrate Judge

13 - REPORT AND RECOMMENDATION